MEMORANDUM **
Plaintiffs-Appellants John Doe, et al. appeal the district court’s enforcement of a settlement agreement which was reached at a settlement conference with the magistrate judge and was put on the record. We affirm.
Plaintiffs first argue that the settlement agreement was not binding because *748 it contained a provision requiring that the County’s Board of Commissioners approve the settlement. The Board did approve the agreement when it met as scheduled subsequent to the settlement conference, but by that time Plaintiffs had repudiated the agreement, and they argue that they were at liberty to change their minds because the agreement had not yet been approved by the County Board. We disagree.
In determining whether a conditional settlement agreement is binding, courts look to whether the parties demonstrated an intent to be bound by the circumstances and the terms of the agreement. See, e.g., James Hardie Gypsum (Nevada), Inc. v. Inquipco, 112 Nev.1397, 929 P.2d 903, 906 (1996) (“The fact finder should look to objective manifestations of intent to enter into a contract.”), overruled on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass’n, 117 Nev. 948, 35 P.3d 964, 968-69 & n. 6 (2001). The language of the settlement agreement made clear that both parties intended to be bound. The County bound itself to seek the Board’s approval, and that was sufficient to create a binding contract at that point. Actual approval may have been a condition subsequent, and the failure to obtain approval would have invalidated the contract, but that did not occur. The existence of that condition did not give Plaintiffs the option to renege. When the settlement was put on the record, Judge Cooke explicitly confirmed that the settlement agreement was binding, stating, for example: “I want to make it very, very clear to everyone concerned that this is truly a binding settlement,” and, “[Tjhat’s very important for you to understand, because if you go home and next week think you don’t want to have this settlement ... you have to understand you agreed to this today.” The magistrate judge canvassed each Plaintiff or the representative of that Plaintiff individually, and each agreed on the record to the settlement terms. At that point they were bound and were not free to change their minds.
Plaintiffs also contend that their former counsel, David Houston and Jeffrey Dickerson, lacked authority to settle on the.behalf of Jane Doe and Jane Smith. Under Nevada law, “an attorney is presumed to have authority to settle his client’s claim.” Waits v. Weller, 653 F.2d 1288, 1290 n. 2 (9th Cir.1981). Plaintiffs were represented by Carter King, David Houston, and Jeffrey Dickerson. Because Mr. King had been sanctioned multiple times throughout the proceedings, the magistrate judge did not allow Mr. Bung to participate in the settlement conference. In her report and recommendation, the magistrate judge noted that not only had Mr. Houston and Mr. Dickerson represented Plaintiffs since March 2004, but they had also attended numerous hearings, with or without Mr. King, and had also signed papers filed in the case. She further noted that during the settlement conference, neither Ms. Doe nor Ms. Smith expressed reservations about their counsel, nor did they ask that the conference be adjourned until Mr. King could be present. They “participated fully” in the settlement discussions. Upon Ms. Doe and Ms. Smith’s departure from the conference, Mr. Dickerson advised the magistrate judge that he had received full authority to settle. Based on these findings, we conclude that the court reasonably relied on Mr. Dickerson’s apparent authority to settle Plaintiffs’ claim.
Accordingly, we agree with the district court that the settlement agreement was enforceable and that the motion to enforce the agreement was properly granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.